# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBIA GARY-MARYON,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　 ) No. 14-1318
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　
CAROLYN W. COLVIN,
Commissioner of Social
Security,

　　　Defendant.

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed applications for supplemental social security income and disability insurance benefits, alleging disability due to an enlarged heart and related issues. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ dealt improperly with the opinion testimony of her primary care physician, Dr. Dubey, which constitutes the sole medical opinion of record. The ALJ gave "no weight" to Dr. Dubey's December, 2011 statement because it was based on Plaintiff's subjective complaints. He gave "little weight" to Dr. Dubey's March, 2012 statement, because it

was conclusory and provided little explanation of the evidence relied on; the ALJ termed it a "very dramatic" opinion that lacked positive findings.

A treating physician's opinion should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2). "[T]he ALJ is not bound by a physician's statement of disability and may reject it if… there is a lack of data supporting it." Williams v. Astrue, 2013 U.S. Dist. LEXIS 74842, at *21 (E.D. Pa. May 9, 2013). A treating physician's opinion does not receive controlling weight if it is unsupported by detailed objective criteria, or is based on the claimant's reporting of her symptoms. Wurster v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 43834, at *16 (W.D. Mich. Mar. 6, 2014). Thus, a treating physician's opinion that a claimant is disabled is not entitled to special significance. Id.

There is no indication, in Dr. Dubey's March 1, 2012 statement, of the grounds for his conclusions – for example, that Plaintiff can sit or stand for only one hour in an eight-hour work day, or that Plaintiff is totally disabled from full-time work. His remarks read solely, "chest pain, exertional, negative work up so far cardiology evaluation pending." The cardiologist, Dr. Joy-Pardi, found syncope and likely vasovagal event, but noted no records to support the diagnosis of Prinzmetal's angina. She noted that Plaintiff's chest pain was highly atypical for angina or Prinzmetal's, and questioned the diagnosis, which was given by Dr, Dubey. The undated cardiac report signed by Dr. Dubey indicates no end organ damage, congestive heart failure, infarction, ischemic heart disease, other heart disease, or aneurysm. In fact, the only box checked "yes" was for "chest pain." Overall, given the lack of objective evidence as noted by the ALJ, along with the subjective foundation of Plaintiff's medical history, the ALJ did not err in rejecting Dr. Dubey's opinion.

Plaintiff further challenges the ALJ's opinion for failing to explicitly address the factors set forth in 20 C.F.R. § 416.927.  In evaluating a treating physician's opinion, that Section advises an ALJ to consider factors such as the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with other evidence of record, and any specialization of the opining physician.

Perhaps it would have been preferable for the ALJ to spell out the relevant factors when evaluating Dr. Dubey's opinion, as claimants are entitled to receive good reasons for the weight accorded their treating physicians.  Nonetheless, his failure to do so does not justify remand or reversal.  See, e.g., Brazeau v. Colvin, 2013 U.S. Dist. LEXIS 123961 (E.D. Va. Aug. 27, 2013). The ALJ stated that he considered the evidence in accordance with the requirements of 20 C.F.R. 416.927.  As discussed supra, he expressly considered the supportability of Dr. Dubey's opinion, as well as the opinions of Dr. Joy-Pardi, which were not quite consistent with those of Dr. Dubey.   The ALJ also noted that Dr. Dubey is a family practitioner; he further recited and considered Plaintiff's treatment history, thus implicitly considering the nature and extent of the treating relationship.  Accordingly, I find no error in this regard.

## CONCLUSION

In sum, the ALJ's opinion was supported by substantial evidence.  Plaintiff's Motion will be denied, and Defendant's granted.   An appropriate Order follows.

**ORDER**

AND NOW, this 5th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court